UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 14-1903 AG (ANx) | Date | December 5, 2014 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER ISSUING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On November 21, 2014, Plaintiffs Marshall S. Sanders and Lydia O. Sanders (collectively, "Plaintiffs") filed this complaint in state court against Defendants Bank of America, N.A., National Default Servicing Corporation, and Select Portfolio Servicing, Inc., (collectively, "Defendants"). Plaintiffs allege state law violations concerning an Assignment Deed of Trust. Plaintiffs concurrently filed an application for a temporary restraining order to halt the sale of their real property by Defendants. The foreclosure sale was set for November 24, 2014. The state court issued the temporary restraining order on November 21, 2014. Defendants removed this case to federal court on December 2, 2014, under diversity jurisdiction. (Notice of Removal, Dkt. No. 1.)

**TEMPORARY RESTRAINING ORDER**

There is an exigency created by the removal, to keep the status quo, the Court issues a temporary restraining order under the same terms as the state court temporary restraining order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1903 AG (ANx) | Date | December 5, 2014 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

## SUBJECT MATTER JURISDICTION

The Court is concerned whether it has jurisdiction over this action, especially after there has been an adverse ruling in the state court against the removing party.

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In cases where the plaintiff has not alleged an amount in controversy greater than $75,000, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); 28 U.S.C. § 1446(c)(2)(B).

Defendants state in the Notice of Removal that when injunctive relief is sought, the "amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). Defendants also assert that "[i]f the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *See Reyes, et al. v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-13. In the Notice of Removal, Defendants state that the Complaint asks for "an order 'restraining Defendants . . . from continuing or initiating any action against the property.'" Defendants argues, too simplistically, that the "object of the litigation" in this case is the value of the underlying property securing the loan. The Court disagrees.

Accordingly, the Court ORDERS Defendant to show cause in writing within seven day of this Order why this action should not be remanded, supporting its assertions with an assessment of the amount in controversy consistent with this Order. Defendants are further ORDERED to show cause why this Court has removal jurisdiction when the state court has issued a temporary restraining order in the action. Plaintiff may submit a response within seven days of Defendant's filing. Alternatively, Defendant may stipulate to a remand.

: 0

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1903 AG (ANx) | Date | December 5, 2014 |
|---|---|---|---|
| Title | MARSHALL SANDERS, et al. v. BANK OF AMERICA, N.A., et al. | | |

| | Initials of Preparer | lmb |
|---|---|---|